# The People of the State of Illinois, ex rel Patrick Howard, Appellant, v. J. R. Harris et al., Appellees.

1. SCHOOLS—*when removal of school directors by county superintendent illegal.* A county superintendent of schools has jurisdiction only with respect to his own county. If a school district comprises more than one county the superintendent of one of such counties cannot remove school directors elected by the people of several counties to serve as school directors for the entire district.

2. APPEALS AND ERRORS—*when final judgment may be entered.* A jury having been waived and the cause submitted to the court for final determination without the intervention of a jury the Appellate Court has authority to render the judgment which should have been rendered by the trial court without remanding the cause.

Quo warranto. Appeal from the Circuit Court of Sangamon county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1910. Reversed. Opinion filed October 20, 1911. Rehearing denied and opinion modified December 8, 1911. *Certiorari* denied by Supreme Court (making opinion final).

C. F. MORTIMER and HOGAN & WALLACE, for appellants.

E. S. SMITH and STEVENS & HERNDON, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This cause is a companion piece to the People ex rel J. R. Harris v. Patrick J. Howard, opinion filed this day. Ante, p. 131.

This is an information filed by the people on the relation of Patrick Howard against J. R. Harris and others, in the nature of a *quo warranto,* alleging the unlawful usurpation, use and exercise of the offices of the Board of Education of a high school district located partly in the county of Sangamon and partly in the county of Christian. Appellees answered the petition setting forth as their right to hold, use and perform the duties of the office of the Board of Education of that district that on June 5, 1909, an election was held in said district and five members of the said board elected, that on the 14th of June that board met and organized, that on that date it was determined by law the length of the term of office of the various persons elected to said offices, and that thereafter no election had been called or held for the election of their successors. The plea thereafter sets forth that that Board of Education had not performed or exercised the duties of that office, that on May 20, 1910, the county superintendent of schools of Sangamon county removed the entire Board of Education from office, that on May 28, the county superintendent of Sangamon county notified the township treasurer of the removal of the school

board, that vacancies existed and directed him to call an election to fill the vacancies. That regular notices of said election were issued, that the election was held on the 11th day of June, that the defendants herein were duly and properly elected members of the Board of Education, and that is the right by which they hold office.

Replications were filed to these pleas denying that any vacancies existed, denying the authority of the county superintendent to remove the Board of Education and create vacancies. Upon the issues joined, the trial court found the defendants guilty, and rendered a judgment of ouster, from which judgment an appeal was prayed to the Supreme Court of the State of Illinois and the orders granting said appeal duly entered. All orders granting said appeal and the prayer for appeal were afterwards set aside by the trial court, thereupon the trial court set aside its judgment and entered a finding that the entire Board of Education previously elected and holding the offices of members of such board were removed by the county superintendent of schools of Sangamon county, that defendants are the duly and legally elected members of the Board of Education to fill the vacancies thus created, and were rightfully holding and exercising the duties of that office, quashed the writ, dismissed the information and rendered judgment for costs against relator. Relator prosecutes this appeal.

The errors assigned are that the judgment is contrary to the law and the evidence, that the trial court improperly held as law propositions submitted by defendants and improperly refused to hold propositions submitted by relator.

It is conceded that if the county superintendent of Sangamon county did not have the power to remove the Board of Education, or that his act was unlawful, then no vacancy existed which it was necessary to fill

and under such conditions that these defendants are unlawfully and illegally claiming to fill the offices of the Board of Education. It being conceded that there did exist, under and by virtue of the election of June 5, 1909, a regularly constituted Board of Education of this district, and it appearing from the record that the term of office of two members of that Board expired on April 2, that in order to fill the terms of the members of this Board whose terms expired on that day, an election was held after the alleged removal of the entire Board from office by the county superintendent, but before the filing of the information herein. That at said election the two members whose terms of office expired were elected. It is further conceded and stipulated in this record that the county superintendent acted without any charges being filed against the members of the Board so removed by him and without any hearing had before him in regard to the neglect, failure or refusal of the Board elected on June 5, 1909, and that he arbitrarily removed them for this cause.

It is insisted, however, that the county superintendent had, prior to the time when he had the pretended hearing, made an investigation and knew the facts and acted on the knowledge he possessed.

The only claim presented of any authority existing in the county superintendent of schools of Sangamon county to remove the Board of Education is based upon article 2, paragraph 7, section 16, chapter 122, in force July 1, 1909, which is as follows:

"Each county superintendent shall have power to remove any school director from office for wilful failure to perform his official duties."

The office of county superintendent of schools is a county office; his duties and his powers relate to the conduct of schools located in the county for which he is elected, and we have been cited to no provision of the statute, and we know of none, that permits him

to exercise any duties or any powers over any school officer not within the jurisdiction of his county. Wherever by statute provision is made for the performance of a duty of the county superintendent of schools which relates to matters in which more than one county is interested, it requires the joint action of the superintendent of the various counties which are interested in the action proposed to be taken. R. S., ch. 122, sec. 57. Without special authority to act over territory outside of his county, a county superintendent cannot be held to have jurisdiction over matters in another county. Part of the members of this Board of Education did not reside in the county of Sangamon but were residents of the county of Christian, where one-half of this school district was located. This Board of Education was not elected alone by the voters of that portion of this high school district located in Sangamon county, but was elected by the voters of the entire district. It cannot be said that they are any more subject to the control of the superintendent of schools of Sangamon county than they are of the superintendent of schools of Christian county, and we cannot agree with the contention that they are subject to removal by the superintendent of schools of Sangamon county.

In our judgment the removal by the county superintendent of Sangamon county of the Board of Education elected June 5, 1909, was unlawful, unauthorized and illegal.

No vacancies existed by reason of which attempted removal to which defendants or either or any of them could have been elected, and the election held at which these defendants claim to have been elected as members of this Board of Education was unauthorized, illegal and void. Defendants are guilty of unlawfully usurping, seizing and attempting to hold the office of the Board of Education of this district.

The holdings of the trial court on the propositions of law submitted are in accordance with the judgment rendered by it, and are erroneous. The jury having been waived and the cause submitted to the court for final determination without the intervention of a jury, this court is authorized to render the judgment which should have been rendered by the trial court, without remanding the cause.

The finding and judgment of this court is that the defendants are unlawfully exercising, usurping and pretending to hold the offices of the Board of Education of this school district, and a judgment of ouster is herein rendered against them, also a judgment against them for costs.

Judgment reversed and judgment in this court without remanding.

*Reversed.*